## TABLE OF CONTENTS

LIST OF EXHIBITS ................................................................................................... iv

TABLE OF AUTHORITIES ................................................................................ vi-viii

INTRODUCTION ....................................................................................................... 1

UNDISPUTED FACTS THAT ESTABLISH LIABILITY AS TO ALL DEFENDANTS . 2

STATEMENT OF FACTS .......................................................................................... 2

    1.    Plaintiff's Intellectual Property ............................................................... 2
    2.    Norman Rautiola, through his company Nartron, entered into a Stock Purchase Agreement with Loren Stieg only to gain access to S&S Innovations Corp's intellectual property, not to conduct business with Mr. Stieg ................................................................................ 4
    3.    March 2014 – Norman Rautiola began operation of a new company to compete with S&S that violates S&S' intellectual property ......................... 5
    4.    April 2014 – Norman Rautiola files Articles of Organization with the State of Michigan to form Tattler Homes Products, excludes S&S Innovations from the business, an utilizes S&S equipment and intellectual property to compete with S&S ........................... 6
    5.    May 2014 – Defendants infringement on S&S trademarks continues despite demands to cease and desist ...................................................... 8
    6.    In the process of infringing on Plaintiff's trademark rights, Defendants infringed upon Plaintiff's copyright protection ......................... 9
    7.    Norman Rautiola and Tattler Home Products continue to violate S&S's intellectual property rights to this day ............................................ 10
    8.    Significant customer confusion occurred as a result of Defendants' violation of Plaintiff's intellectual property ................................................. 11
    9.    Loren Stieg never consented to the formation of Tattler Home Products ................................................................................................... 11
    10.   Procedural history ................................................................................... 13

FED. R. CIV. P. 56 STANDARD ................................................................................ 14

LAW AND ARGUMENT ............................................................................................ 14

    I.    DEFENDANTS ADMITTED TO TRADEMARK AND COPYRIGHT INFRINGMENT ........................................................................................ 14

    II.   TATTLER HOME PRODUCTS, LLC IS A DIRECT INFRINGER ON PLAINTIFF'S INTELLECTUAL PROPERTY RIGHTS AND

|       | NORMAN RAUTIOLA AND NARTRON ARE CONTRIBUTORY OFFENDERS .................................................................................... 15 |
|-------|---|
|       | 1. Direct Infringer – THP ................................................................ 16 |
|       | 2. Contributory Infringers – Norman Rautiola and Nartron .................. 16 |

III. THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT DEFENDANTS ARE LIABLE FOR TRADEMARK INFRINGEMENT ... 18
    a. Strength of S&S Innovations Corp.'s Trademarks ........................... 19
        1. Plaintiff's federal registered trademarks are entitled to the highest level of conceptual strength because they are fanciful marks ............................................................................. 19
        2. Plaintiff's federally registered trademarks are entitled to the highest level of commercial strength because they possess great marketplace recognition for the sale of reusable canning lids ................................................................................ 20
    b. Relatedness of the Good or Services ................................................. 21
    c. Similarity of the Marks ..................................................................... 22
    d. Evidence of Actual Confusion .......................................................... 23
    e. Marketing Channels Used ................................................................ 24
    f. Likely Degree of Purchaser Care ...................................................... 25
    g. Defendants' Intent in Selecting its Mark .......................................... 25
    h. Likelihood that Product Lines will Expand ...................................... 26

IV. DEFENDANTS ARE LIABLE FOR UNFAIR COMPETITION UNDER COUNT II OF PLAINTIFF'S FIRST AMENDED COMPLAINT ............................................................................................. 27

V. DEFENDANTS ARE LIABLE UNDER THE LANHAM ACT FOR FEDERAL TRADEMARK COUNTERFEITING ............................ 29

VI. THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT DEFENDANTS ARE LIABLE UNDER 15 USC §1125 FOR CYBERSQUATTING ................................................................................ 30

VII. DEFENDANTS ARE LIABLE UNDER 17 USC § 101, *ET SEQ*, FOR COPYRIGHT INFRINGEMENT ........................................................ 32

CONCLUSION ............................................................................................................. 34