**EXHIBIT 8**

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OSCEOLA

UUSI, LLC, a Michigan limited
liability company

    Plaintiff,

v.
                  Case No: 16-14662-CK
                  Hon. Scott Hill-Kennedy
                  Chief Circuit Court Judge

Loren STIEG, S&S INNOVATIONS CORP.,
a Colorado corporation; and TATTLER REUSABLE
CANNING LIDS, LLC, a Michigan limited liability
company

    Defendants.

_____/

| | |
|---|---|
| K. Dino Kostopoulous (P57071)<br>Elizabth L. Sokol (P51288)<br>Kostopoulos Rodriguez, PLLC<br>Attorneys for Plaintiff<br>550 West Merrill Street, Suite 100<br>Birmingham, Michigan 48009<br>(248) 268-7800 | Michael A. Figliomeni (P36206)<br>Roger Wotila (P22561)<br>McCurdy, Wotila & Porteous, PC<br>Attorneys for Defendant<br>120 West Harris Street<br>Cadillac, Michigan 49601<br>(231) 775-1391 |

_____/

## *OPINION AND ORDER*

Pursuant to Plaintiff's Motion for Partial Summary Disposition as to Count VI of the Complaint and Defendant's Motion for Partial Summary Disposition as to Count I and Count VI of the Complaint heard on September 6, 2017, in the 49th Circuit Court in the City of Reed City, Michigan:

PRESENT: The HONORABLE SCOTT HILL-KENNEDY
       Chief Circuit Court Judge

## FACTS AND PROCEDURAL HISTORY

UUSI, Inc. ("Plaintiff") filed suit in the Osceola Circuit Court on July 13, 2016, against Defendants Loren Stieg and his company, S&S Innovations Corporation d/b/a Tattler Reusable Canning Lids ("Tattler Colorado"). Plaintiff alleges that Stieg (1) fraudulently induced Plaintiff to invest in his company, and (2) unfairly competed with Plaintiff by forming Tattler Reusable Canning Lids, LLC ("Tattler Michigan") after disagreements began to form between the parties.

The Complaint lists six counts. In Count I, Plaintiff seeks declaratory relief regarding Plaintiff's status as a majority shareholder of Tattler Colorado. In Count II, Plaintiff alleges that Stieg fraudulently misrepresented Tattler Colorado's financial condition to Plaintiff in order to procure investment. In the alternative, Plaintiff alleges in Count III that Stieg negligently misrepresented Tattler Colorado's financial condition to Plaintiff in order to procure investment. In Count IV, Plaintiff alleges that Stieg engaged in silent fraud and violated his fiduciary duty to disclose the financial condition of Tattler Colorado to Plaintiff. In Count V, Plaintiff alleges that Stieg breached his fiduciary duty of loyalty to Tattler Colorado shareholders by forming Tattler Michigan for "the purpose" of competing with Tattler Colorado. In Count VI, Plaintiff alleges that Stieg breached his contract with Plaintiff by failing to either (a) honor Plaintiff's purchase of additional equity or (b) pay back Plaintiff's loan.

Plaintiff seeks monetary relief for approximately $1,000,000, which it argues represents the value of its financial contribution to Tattler Colorado. That sum equals $490,000 for the 49% minority purchase (allegedly through fraud), $170,062.84 Plaintiff paid at Stieg's request on behalf of Tattler Colorado to its creditors, and Plaintiff's payments to other third parties of not less than $400,000 for related costs associated with Tattler Colorado's continued operation in Michigan. The parties dispute the characterization of the $170,062.84 sum as a purchase of equity or a loan.

On February 17, 2017, Defendants filed their Motion for Partial Summary Disposition under MCR 2.116(C)(7) and 2.116(C)(8) arguing that Plaintiff's request for declaratory judgment under Count I should be denied because the alleged purchase of shares fails under the statute of frauds and, likewise, Count VI should be dismissed because it alleges breach of contract for purchase of the shares. On April 14, 2017, Plaintiff filed its Response, arguing that the alleged sale of equity falls within the partial performance exception to the statute of frauds. In addition, Plaintiff argues that if the Court were to reject its characterization of the additional investment as an equity purchase, then Plaintiff would still be entitled to compensation under a demand note theory.

On June 30, 2017, Plaintiff filed its Motion for Partial Summary Disposition of Count VI under MCR 2.611(C)(10). Plaintiff argues that it is entitled to judgement as a matter of law because Stieg admitted that Plaintiff provided him with a loan. Additionally, Plaintiff argues that the loan can properly be described as a demand loan. On August 9, 2017, Defendants filed their Answer. Defendants argue that summary disposition is inappropriate where there remains questions of fact, namely the terms of loan repayment. Defendants argue that the loan is payable in installments.

The Court held a hearing on these matters on September 6, 2017. Without objection, the Court determined it would await conclusion of the parties' facilitated mediation to precede the

Court's opinion. The parties notified the Court on September 25, 2017, that facilitated mediation was unsuccessful.

## LEGAL STANDARDS

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim and must be supported by affidavits, depositions, admissions, or other documentary evidence. *Corley v. Detroit Bd. of Ed.*, 470 Mich 274, 278 (2004). When deciding the motion, the trial court must view the substantively admissible evidence submitted up to the time of the motion in a light most favorable to the party opposing the motion. *Maiden v. Rozwood*, 461 Mich 109, 121 (1999). The motion may be granted where "there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v. Gen. Motors Corp.*, 469 Mich 177, 183 (2003). A material fact issue exists "when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id.*

A motion for summary disposition under MCR 2.116(C)(7) asserts that a claim must be dismissed because of (1) release, (2) payment, (3) prior judgment, (4) immunity granted by law, (5) statute of limitations, (6) statute of frauds, (7) and agreement to arbitrate or to litigate in a different forum, (8) infancy or disability, or (9) assignment or other disposition of the claim before commencement of the action. The standard of review requires the Court to consider all affidavits, depositions, admissions, or other documentary evidence filed by or submitted by the parties. *By Lo Oil v. Dep't of Treasury*, 267 Mich. App. 19, 26 (2005). When reviewing a motion under MCR 2.116(C)(7), the allegations in the complaint must be accepted as true unless contradicted by the parties' submissions. *Patterson v. Kleiman*, 447 Mich. 429, 434 n. 6 (1994). The motion is properly granted when the undisputed facts establish that the moving party is entitled to judgment as a matter of law. *By Lo Oil Co.*, 267 Mich. App. at 26.

## DISCUSSION

1. Defendants' Motion for Partial Summary Disposition (Count I)

Defendants contend that they are entitled to partial summary disposition of Count I under MCR 2.116(C)(7) because Plaintiff's claim that it is entitled to additional shares of Tattler Colorado is barred by the statute of frauds. Defendants highlight that Plaintiff's transfer of $170,062.84 to Defendants' creditors is not supported by an underlying written subscription agreement as required by the Michigan Business Corporation Act (MCL 450.1305(1)) and therefore cannot be an equity purchase under Michigan law. The relevant statutory provision states: "A subscription for shares made before or after organization of a corporation is not enforceable unless *in writing and signed by the subscriber.*" *Id.* (emphasis added). In addition, Defendants point out that Plaintiff has not produced any share certificates, which must be in writing under MCL 450.1332, nor provided a contract for the sale of shares, which must also be in writing. *Sprague v. Hosie*, 155 Mich 30 (1908).

Plaintiff claims that the statute of frauds does not apply because it partially performed its end of the deal. Plaintiff relies heavily on *Giordano v. Markovitz*, 209 Mich App 676 (1995), to

Page 3 of 6

support its position that a party who invests in a company based on an alleged oral contract and with the expectation of receiving stock need not comply with the writing requirement of MCL 450.1305. In *Giordano*, the court discovered clear evidence that an oral agreement existed between the parties and that the plaintiff relied on that agreement to his detriment. *Id.* at 678-679 (finding that the trial court's conclusion that no enforceable agreement existed was "clearly erroneous"). Although the court held that the plaintiff partially performed under the oral agreement, the court found that granting monetary damages was a more appropriate remedy over specific enforcement. *Id.* at 680.

Here, the record does not show extenuating circumstances that would support the existence of a valid oral agreement. *See McDonald v. Scheifler*, 323 Mich 117 (1948) (holding that generally a court will not enforce an oral agreement within the statute of frauds unaccompanied by other extenuating circumstances). Plaintiff contends in its brief that Stieg had a "change of heart" regarding a desire to memorialize in writing Plaintiff's purchase of additional shares. Br. in Supp. of Pl.'s Resp. to Def.'s Mot. for Summ. Disposition at 6. In fact, Stieg objected numerous times to the characterization of the additional funds as an equity purchase, but rather considered it an installment loan. *See, e.g.*, Exhibit B at 86: 15-25. Absent a meeting of the minds on the essential nature of the alleged oral stock purchase agreement, the Court has nothing to enforce. *Kloian v. Domino's Pizza, LLC*, 273 Mich App 449, 453 (2006). *Giordano* does not apply to the present case.

There is also no evidence that preventing Plaintiff from obtaining majority control over Tattler Colorado would amount to a manifest injustice. Plaintiff seeks, in the alternative to majority control, reimbursement of the $170,062.84 sum. Defendants do not contest this amount nor their obligation to repay. Therefore, the Court finds monetary reimbursement to be the correct and appropriate remedy.

For these reasons, the Court **GRANTS** Defendants' Motion for Summary Disposition as to Count I, pursuant to MCR 2.116 (C)(7).[1] Michigan law requires that subscription or transfers of shares be in writing under the statute of frauds. Plaintiff has failed to produce such a writing or persuade the Court that the equitable doctrine of partial performance overrides the writing requirement.

2. Plaintiff's Motion for Partial Summary Disposition (Count VI)

Plaintiff filed its Motion for Partial Summary Disposition of Count VI pursuant to MCR 2.116(C)(10) because it contends there is no material issue of fact regarding repayment of the $170,062.84 and that Plaintiff is entitled to judgment as a matter of law. Plaintiff seeks immediate repayment on demand.

---

[1] The Court notes that to the extent Colorado law may govern this dispute, it appears that Plaintiff's claim for equity would still fail. According to Article XV, Section 9 of the Colorado Constitution, "Stock of a corporation shall not be increased except in pursuance of general law, nor without the consent of persons holding a majority of the stock first obtained at a meeting held after at least 30 days' notice given in pursuance of law." The record does not indicate that Tattler Colorado issued additional shares in compliance with corporate formalities nor with the consent of the majority shareholder, Loren Stieg.

Page 4 of 6

The admissions of Stieg prove without a doubt that Defendants owe Plaintiff $170,062.84 plus reasonably calculated interest. The Court therefore finds no material issue of fact in Defendants' liability.

With that said, Plaintiff has failed to show that a genuine issue of material fact does not exist with respect to the terms of loan repayment. Plaintiff considers the loan payable on demand; Defendant considers the loan payable in installments. The interest rate is not specified. In support of its position, Plaintiff cites *Colburn v. First Baptist Soc'y*, 60 Mich 198 (1886), for the proposition that when loan terms are unspecified, the loan is impliedly payable on demand. The *Colburn* case dealt with a written loan arrangement between the parties. The arrangement did not list any terms of repayment, nor did the parties dispute the existence of terms. In fact, by the time the case reached the Michigan Supreme Court, the defendant had already satisfied the note. *Id.* at 199. In this case, as opposed to *Colburn*, the parties not only dispute the terms of repayment, but the very nature of the transaction itself. The Court believes that Plaintiff has misapplied *Colburn*. The trier of fact must decide whether or not the parties' loan agreement contained repayment terms, and if they existed, what they were. Therefore, the manner of repayment, including the appropriate interest rate, is a material factual dispute that the Court shall refrain from resolving at this time.

For these reasons, the Court GRANTS IN PART, DENIES IN PART Plaintiff's Motion for Partial Summary Disposition of Count VI. The Court believes that although Plaintiff is entitled to repayment under Count VI as a loan, the terms of repayment are still in dispute.

3.  Defendants' Motion for Partial Summary Disposition (Count VI)

Based on the aforementioned conclusion that the additional funds extended by Plaintiff for the benefit of Defendants can best be characterized as a loan and that Plaintiff is entitled to repayment, the Court need not delve further into this issue. Therefore, the Court GRANTS Defendants' Motion for Summary Disposition as to Count VI to the extent it asserts the $170,064.82 was not in exchange for purchase of shares in Tattler Colorado, but as an extension of credit to Defendants.

## CONCLUSION

As noted above, the Court GRANTS Defendants' Motion for Partial Summary Disposition as to Count I. The Court also GRANTS IN PART, DENIES IN PART Plaintiff's Motion for Summary Disposition as to Count VI. Lastly, the Court GRANTS Defendants' Motion for Partial Summary Disposition as to Count VI.

**IT IS SO ORDERED.**

This order *does not* dispose of the last pending claim and *does not* close the case.

Dated: 10/18/17

Hon. Scott Hill-Kennedy
Chief Circuit Court Judge

### Certificate of Service

The undersigned certifies that on the date below a copy of the within Order was served upon the parties of record in this cause by first class mail or personal service to their respective addresses on record.

Dated: 10/18/17

Benjamin J. Holwerda
Law Clerk