UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

S&S INNOVATIONS CORP.,

    Plaintiff,

                                            Hon. Hala Y. Jarbou

v.

                                            Case No. 1:18-cv-1377-HYJ-PJG

UUSI, LLC, et al.,

    Defendants.

_____/

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Plaintiff's petition for attorney's fees and costs (ECF No. 51) relating to its successful motion to compel initial disclosures (ECF No. 37), as well as its counsels' appearance at two hearings in which Defendant's counsel failed to appear. The Court previously gave notice of its intent to award Plaintiff its reasonable costs relating to these matters. (*See* Order, ECF No. 50, PageID.677). Plaintiff seeks a total of $7,725.00 in attorney's fees. (ECF No. 51, PageID.679). Defendants have not responded.

    The Court has determined that oral argument is unnecessary. For the reasons articulated herein, the fee petition will be granted in part and denied in part.

**Discussion**

This petition results from defense counsel's repeated failure to comply with his obligations in this case. To his credit, he has taken responsibility for these failures, and he has apologized to the Court and to Plaintiff's counsel. There remains, however, the matter of the necessary consequences of those failures.

On June 17, 2020, Plaintiff filed a motion to compel Defendants to produce initial disclosures, as required by Federal Rule of Civil Procedure 26(a) and the Case Management Order. (ECF No. 37, PageID.648-49). Defendants did not file a response to the motion. Instead, on July 17, 2020, Defendants filed their responses to Plaintiff's First Requests for Admission. (ECF No. 41). That filing was stricken, however, as the Court's Local Rule 5.3(a) prohibits the filing of discovery responses. (*See* Order, ECF No. 42).

The Court noticed a hearing on the motion to compel for July 27, 2020. (Notice, ECF No. 39). Plaintiff's counsel appeared for that hearing; Defendants' counsel did not. (Minutes, ECF No. 43). On that same date, the Court issued an order requiring Defendants' counsel to appear on August 10, 2020, to show cause why he should not be held in civil contempt, or otherwise sanctioned, for his failure to appear on July 27. (Order, ECF No. 44). The Court opened the show-cause hearing on August 10; once again, Defendants' counsel failed to appear. (Minutes, ECF No. 45). Accordingly, the Court issued a second show-cause order for an August 18, 2020, hearing.

Counsel for all parties appeared for the August 18 hearing. Defendants' counsel apologized for his prior failures to appear and he offered an explanation, both of which the Court accepted.[1] Defendants' counsel acknowledged that he should be held responsible for the costs of Plaintiff counsels' appearance at the two prior hearings (July 27 and August 10). Defendants' counsel offered no justification for the failure to produce the initial disclosures. Accordingly, the Court granted the motion to compel and advised Defendants' counsel that it intended to award the costs, including attorneys' fees, associated with motion to compel, as well as the July 27, August 10, and August 18 hearings. (Order, ECF No. 50, PageID.677).

Plaintiff filed the instant fee petition on September 1, 2020. (ECF No. 51). Plaintiff's counsel advised the Court that they sought concurrence from Defendants' counsel, as required by Local Rule 7.1(d), without "meaningful response." (Cert. of Compliance, ECF No. 52). Defendants have not filed a response to the petition.

Plaintiff seeks reimbursement totaling $7,725.00 for fees incurred in drafting the motion to compel and for appearances at the three hearings; they are not seeking reimbursement of any other costs. Plaintiff is seeking fees it incurred by counsel at Kuiper Kraemer PC in the amount of $5,025.00, and by counsel at Oppenhuizen Law PLC in the amount of $2,700.00. (ECF No. 51, PageID.679). Plaintiff's petition is supported by affidavits of counsel (ECF No. 51-3), along with the billing records of the two law firms of record (ECF No. 51-2).

---

[1] The hearing was audio-recorded, and the recording is available for review.

There is a discrepancy between the Nicholas Dondzila affidavit of the Kuiper Kraemer firm and the invoice provided by counsel.  The affidavit asserts that the firm's attorneys expended a total of 12.3 hours on the matters addressed by the fee petition, but the invoice shows a total of 11.24 hours.  (*Compare* ECF No. 51-2, PageID.701 *with* ECF No. 51-3, PageID.707).  Moreover, both the Dondzila affidavit and the petition inexplicably seek $5,025.00 for the Kuiper Kraemer firm (ECF No. 51, PageID.679; ECF No. 51-3, PageID.707), even though it is $412.50 more than 12.3 hours claimed in the affidavit (based on the asserted hourly rate).  The Court will use the 11.24 hours reflected in the Kuiper Kraemer invoice, as any other figure is unsupported by the record.

The billing records for both firms include 8.14 hours expended pursuing the motion to compel, including attendance at the July 27 motion hearing; 5.22 hours preparing for and attending the August 10 and August 18 hearings; and 5.08 hours preparing the fee petition.  (ECF No. 51-2, PageID.701-02).  This totals 18.44 hours, including 11.24 hours of time expended by the Kuiper Kraemer firm and 7.2 hours of time expended by the Oppenhuizen firm.  (*Id.* at PageID.702).

Plaintiff's counsel each seek reimbursement at the hourly rate of $375.00, which is at or below the rate they normally charge.  (ECF No. 51-3, PageID.704-05, 706-07).  They support their requested rate with the State Bar of Michigan's 2017 Economics of Law Practice Attorney Income and Billing Rate Summary Report.  (ECF No. 51-1).

4

The award of costs is the norm, rather than the exception. *Eastern Maico Distribs., Inc. v. Maico-Fahrzeugfabrik*, 658 F.2d 944, 948 n.4 (3d Cir. 1981); *see Boles v. Lewis*, No. 1:07-cv-277, 2009 WL 2021743, at *3 (W.D. Mich. July 7, 2009). Costs include those necessary to comply with the meet and confer requirement, those necessary to bringing or opposing a motion to compel, and those associated with the fee petition. *See McCarthy v. Ameritech Publishing, Inc.*, 289 F.R.D. 258, 262 (S.D. Ohio 2013), *rev'd on other grounds*, 763 F.3d 488 (6th Cir. 2014) ("[P]rovisions of Rule 37 authorize a court to award payment of reasonable expenses 'caused by the [discovery] failure'.").

Having already found a sufficient basis for awarding costs, the only remaining issue is the reasonableness of the fees and expenses sought. The Supreme Court has explained that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This is the "lodestar method" of calculation. *See Perdue v. Kenny A.*, 559 U.S. 542, 546 (2010); *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005); *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000).[2]

---

[2] The Sixth Circuit "rel[ies] on precedents involving attorney fees without regard to whether they involved Title VII or some other federal statute." *Isabel*, 404 F.3d at 415.

<u>The Reasonable Hourly Rate</u>

The Court begins this analysis by determining a reasonable hourly rate. "Ordinarily, courts look to '[rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.' " *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). There is a presumption in favor of the community market rates. *See, e.g., Blum*, 465 U.S. at 895 ("'[R]easonable fees' . . . are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel."); *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) ("A trial court, in calculating the 'reasonable hourly rate' component of the lodestar computation, should initially assess the '*prevailing market rate in the relevant community*.'" (quoting *Blum*, 465 U.S. at 895)) (emphasis in *Adcock-Ladd*); *Coulter v. Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986) ("We . . . apply the principle that hourly rates for fee awards should not exceed the market rates necessary to encourage competent lawyers to undertake the representation in question."). The so-called "community market rule" has the "principle virtue of being the easiest way to cope with the 'inherently problematic' task of ascertaining a reasonable fee in a situation where 'wide variations in skill and reputation render the usual laws of supply and demand inapplicable[.]'" *Hadix*, 65 F.3d at 536 (quoting *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)).

Having determined that the community market rule applies here, the next step is determining the prevailing market rate in the Grand Rapids area. In order to determine the local market rate, a court should rely on a combination of its own expertise and judgment. *Garber v. Shiner Enterprises, Inc.*, No. 1:06-cv-646, 2007 WL 4557857, *1 (W.D. Mich. Dec. 21, 2007) (citing *United States ex rel. Educ. Career Dev., Inc. v. Cent. Fla. Reg'l Workforce Dev. Bd., Inc.*, No. 6:04-cv-93, 2007 WL 1601747, *6 (M.D. Fla. June 1, 2007)). The Court may consider proof of rates charged in the community under similar circumstances, as well as opinion evidence of reasonable rates. *See Garber*, 2007 WL 4557857 at *1 (citing *Educ. Career Dev., Inc.*, 2007 WL 1601747 at *3). Other relevant sources include the attorney's actual billing rate and fee awards from prior cases. *See Payton v. New Century Mortgage Corp.*, Nos. 03 c 333, 03 c 703, 2004 WL 524693, at *2 (N.D. Ill. Mar.11, 2004).

Plaintiff asks the Court to calculate his award using his counsel's hourly rate of $375.00. The Court has reviewed the 2017 edition of the State Bar of Michigan's Economics of Law Practice in Michigan, which includes reported billing rates throughout Michigan. (*See* ECF No. 51-1). This is an acceptable source. *See Wells v. Corporate Accounts Receivable*, 683 F. Supp.2d 600, 603 (W.D. Mich. 2010) (citing *O'Connor v. Trans Union, LLC*, No. 05-cv-74498, 2008 WL 4910670, *6 (E.D. Mich. Nov. 13, 2008)). "District courts have relied on the State Bar of Michigan . . . Economics of Law Practice Survey to determine average billing rates in Michigan, and the Sixth Circuit has approved this practice." *Wells*, 683 F. Supp.2d at 603 (citing

7

*O'Connor*, 2008 WL 4910670, at *5 and *Lamar Advertising Co. v. Charter Twp. of Van Buren*, 178 F. App'x. 498, 501-02 (6th Cir. 2006)).

This case raises issues involving trademark infringement, copyright infringement, and other related matters. The State Bar's survey notes that hourly rates for attorneys who practice in the area of intellectual property vary from $334.00 at the median to $398.00 at the 75th percentile. (*See* ECF No. 51-1, PageID.693). The information in that survey is several years old. Informed with this information, as well as the lack of any objection by the Defendants, it is the Court's judgment that the requested hourly rate of $375.00 is reasonable.

Hours Reasonably Expended

The next inquiry addresses the number of hours claimed. In order to accept the claimed time expenditure, "the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *United Slate, Tile & Composition Roofers Ass'n, Local 307 v. G. & M. Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n.2 (6th Cir. 1984). The party seeking an award of attorneys' fees has the burden of proving the number of hours reasonably expended on the litigation. *Hensley*, 461 U.S. at 433; *see Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999).

The Court has considered Plaintiff counsels' itemized invoices relating to the work performed in this matter. The Court finds the work performed and the time expended, as indicated in these invoices, to be reasonable. Moreover, the Court notes that Defendants have not objected to this time. Applying the $375.00 hourly rate to the 18.44 hours expended results in a fee award of $6,915.00.

Party Responsible for Payment of Costs

Rule 37 allows the Court to award costs against the party or the attorney representing that party. *See* FED. R. CIV. P. 37(a)(5)(A). In the instant case, Defendants' counsel has acknowledged that he is personally responsible for the failures to comply with Rule 26(a) and to attend the July 27 and August 10 hearings. Accordingly, he shall be personally responsible for paying the award of costs.

## Conclusion and Order

For the reasons set forth herein, Plaintiff's petition for fees (ECF No. 51) is **GRANTED in part** and **DENIED in part**. Accordingly,

**IT IS ORDERED** that Defendants' counsel shall personally pay Plaintiff a total of $6,915.00 in attorney's fees within thirty days of the date of this Order.

The petition is otherwise **DENIED**.

**IT IS SO ORDERED.**

Date: October 27, 2020                            /s/ Phillip J. Green
                                                  PHILLIP J. GREEN
                                                  United States Magistrate Judge