UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| S&S INNOVATIONS CORP., <br> A Colorado Corporation, <br><br> Plaintiff, <br> v. <br><br> UUSI, LLC, d/b/a Nartron, a Michigan Limited Liability Company, TATTLER HOME PRODUCTS, LLC, a Michigan Limited Liability Company, and NORMAN RAUTIOLA, an individual. <br><br> Defendants. | Case No. 18-cv-01377 <br><br> Honorable Hala Y. Jarbou <br><br> Magistrate Phillip J. Green <br><br> **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants' motion is equal parts moot and nonsensical. Yet, it is also consistent with Defendants' conduct throughout this case. Defendants, and their counsel, prefer to play by their own rules, rather than the Federal Rules of Civil Procedure or otherwise. Defendants' counsel simply terminated the deposition because it was convenient for him. The deposition was already delayed at his request, and then he took it upon himself to discontinue the deposition to attend to another matter. No good cause could ever exist to support this kind of motion. Moreover, Mr. Rautiola's deposition was resumed, and concluded, later in the day.

### STATEMENT OF FACTS

Mr. Rautiola's February 16, 2021 deposition was scheduled pursuant to subpoena. *Exhibit A*. The deposition was scheduled to start at 9:00 am. The subpoena was sent February 2, 2021. Mr. Rautiola's deposition was previously scheduled for January 27, 2021 and February 15, 2021.

On February 12, 2021, Mr. Kenneth Morgan claimed to be unaware of Mr. Rautiola's deposition. He further claimed to be unavailable at 9:00 am because of another matter scheduled

1

for that time.  *Exhibit B*.  Despite yet another delay introduced by Mr. Morgan, Plaintiff's counsel agreed to begin the deposition at 10:30 am.  Again, this accommodation was made at the request of Mr. Morgan.

On February 15, 2021, Plaintiff's counsel followed up with Mr. Morgan to determine when he would actually be available for Mr. Rautiola's deposition.  Mr. Morgan would not confirm what time he would be available, or it he and his client would appear at all.  *Id*.

On February 16, 2021, the morning of the deposition, Mr. Morgan again attempted to change the timing and format of the deposition.  At approximately 9:40 am, Mr. Morgan proposed starting the deposition immediately.  *Exhibit C*.  Of course, this was impossible because the court reporter would not be present until 10:30 am, at the request of Mr. Morgan.  In response, Mr. Morgan said that he and his client would appear for 30 minutes of the deposition secured by way of subpoena, leave the deposition, and return (on his word) later in the day to resume Mr. Rautiola's deposition.

Given the course of this case, the total unreliable nature of Mr. Morgan, and the absolute need to move the case along, Plaintiff's counsel said the deposition would not be arbitrarily adjourned by Mr. Morgan until a time that later suited his needs.  Delay and nonresponse has been Defendants' game plan this entire case.  According to Mr. Morgan, his schedule carries more weight than the subpoena issued to secure his client's deposition.

Mr. Rautiola's deposition began at approximately 10:30 am.  As fate would have it, Mr. Morgan left the Zoom deposition, and his client, at 11:03 am.  In an attempt to get out in front of his own wrong doing, Mr. Morgan filed the pending Motion for Protective Order.  Nevertheless, the parties resumed Mr. Rautiola's deposition after Mr. Morgan's other affair resolved.

**LAW AND ARGUMENT**

Rule 26 of the Federal Rules of Civil Procedure permits courts to issue a protective order, if justice requires and to protect individuals from "annoyance, embarrassment, oppression, or undue burden or expense" Fed. R. Civ. P. 26(c). The burden of establishing good cause for a protective order rests with the movant. *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973). "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix v Sword*, 11 F App'x 498, 500 (6th Cir, 2001), quoting *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987) (citations omitted).

First, obviously, Defendants' motion is moot. Mr. Rautiola's deposition was conducted to completion on February 16, 2021. However, Plaintiff reserves the right to file the appropriate motion to resume Mr. Rautiola's deposition in order to obtain answers to the numerous questions that he simply refused to answer. Second, it is unclear what relief Defendants sought by filing the motion. Defendants' motion merely calls attention to the fact that their attorney was picking and choosing when Plaintiff's efforts to conduct discovery would accommodate his schedule. Third, even if the Court entertained any sort of relief, Fed. R. Civ. P. 26 does not support such a finding. Defendants failed to carry their burden of establishing "good cause".

**CONCLUSION**

WHEREFORE, Plaintiff, S&S Innovations Corp., respectfully requests that Defendants' Motion for Protective Order be denied. Defendants' motion is legally and factually baseless. More importantly, it is self-defeating. Defendants did nothing other than inform the Court of yet another instance of their efforts to sabotage Plaintiff's efforts to move this case forward.

Dated:  February 17, 2021         KUIPER KRAEMER PC
                                  Attorney for Plaintiff

                                  By: /s/ Nicholas V. Dondzila
                                        Nicholas V. Dondzila (P73937)

                                  BUSINESS ADDRESS AND TELEPHONE:
                                        180 Monroe Avenue, Suite 400
                                        Grand Rapids, MI 49503
                                        (T): (616) 454-3700
                                        dondzila@k2legal.com

Dated:  February 17, 2021         OPPENHUIZEN LAW PLC
                                  Co-Counsel for Plaintiff

                                  By: /s/ David L. Oppenhuizen
                                        David L. Oppenhuizen (P70219)

                                  BUSINESS ADDRESS AND TELEPHONE:
                                        5960 Tahoe Drive SE, Suite 105
                                        Grand Rapids, MI 49546
                                        (T) (616) 242-9550
                                        david@oppenhuizen.com