UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

S&S INNOVATIONS CORP.,

    Plaintiff,

v.

UUSI, LLC, et al.,

    Defendants,

_____/

Hon. Hala Y. Jarbou

Case No. 1:18-cv-1377-HYJ

**REPORT AND RECOMMENDATION**

    This matter is before the Court on the February 11, 2021, Order to Show Cause why Defendants' counsel, Kenneth B. Morgan, should not be held in contempt or otherwise sanctioned for his failure to appear at a hearing on that date. (ECF No. 90). That order required Mr. Morgan to appear on February 17, 2021, at 11:00 a.m. (*Id.* at PageID.990). Mr. Morgan again failed to appear. (Minutes, ECF No. 93). Unfortunately, this has become somewhat of a habit. Accordingly, and for the reasons stated herein, the undersigned judicial officer recommends that Mr. Morgan be held in contempt of Court.

**Background**

To say that this case has not proceeded efficiently or expeditiously would be an understatement. While counsel for Defendants, Mr. Morgan, is not solely responsible for this regrettable situation, his conduct in this case, particularly his lackadaisical approach to his clients' interests and this Court's authority, has contributed greatly to the delays in getting this case resolved.

Plaintiff filed the complaint on December 12, 2018. (ECF No. 1). Mr. Morgan filed a motion to dismiss on January 7, 2019. (ECF No. 8). That motion was denied on March 12, 2020. (ECF No. 21). The problems began almost immediately thereafter.

Defendants' deadline for answering the complaint was April 2, 2020. Plaintiff filed an application for default on April 3, 2020, noting Defendants' failure to file the answer. (ECF No. 23). Mr. Morgan filed the answer three days later, and without a motion for leave to file it out of time.

On May 11, 2020, Plaintiff filed a motion for leave to amend its complaint. (ECF No. 29). Defendants did not respond, and the Court granted the motion on May 27, 2020. (ECF No. 31). Defendants' answer to the amended complaint was due June 12, 2020. Defendants again missed their deadline. On June 15, 2020, plaintiff filed a second application for default. (ECF No. 34). Defendants filed their answer to the amended complaint later that day. (ECF No. 35).

On June 17, 2020, Plaintiff filed a motion to compel discovery, noting that Defendants had failed to produce their initial disclosures, in violation of the Case Management Order. (ECF No. 37). Plaintiff's counsel noted that Defendants' counsel failed to respond to his efforts to confer, as required by Local Rule 7.1(d). (Certificate of Compliance, ECF No. 38).

On July 13, 2020, the Court issued a notice scheduling a hearing on Plaintiff's motion to compel for July 27, 2020. (ECF No. 39). Defendants did not file a response to the motion to compel, but rather, on July 17, 2020, filed "responses" to Plaintiff's discovery requests. (ECF No. 41) (stricken). On July 23, 2020 – four days before the scheduled hearing – the Court struck that response, as it violated Local Rule 5.3(a). (Order, ECF No. 42).

On July 27, 2020, Mr. Morgan failed to appear at the scheduled hearing (Minutes, ECF No. 43), and he failed to contact the Court regarding his non-appearance. The Court issued an order that same day, requiring counsel to appear in person on August 10, 2020, to show cause why he should not be held in contempt or otherwise sanctioned for his failure to appear. (ECF No. 44). The undersigned's judicial staff also contacted Mr. Morgan by telephone, leaving a voicemail message for him regarding his failure to appear.

Mr. Morgan failed to appear at the August 10, 2020, hearing. (Minutes, ECF No. 45). The Court then issued another show-cause order, requiring Mr. Morgan to personally appear on August 18, 2020, to explain his failures to appear. (ECF No. 46). That order noted that Mr. Morgan's failure to appear may result in a warrant

for his arrest. (*Id.* at PageID.669).

Mr. Morgan appeared for the August 18, 2020, hearing. (Minutes, ECF No. 49). At that hearing, he apologized to the Court and to Plaintiff's counsel, and he noted that his failures to appear were his responsibility alone. Mr. Morgan advised the Court that he was unaware of the hearings because the Court's electronic notices were being sent to an email location of which he was unaware.[1] He further advised that he had been unaware of the Court's voicemail messages due to some technical problems with his phone. Mr. Morgan assured the Court that the problems had been resolved.[2]

The Court accepted Mr. Morgan's apology and explanations, but awarded costs against him, personally, in the amount of $6,915.00. (ECF No. 50, 57). Mr. Morgan was given thirty days to pay. (ECF No. 57).

During that hearing, the Court set aside the application for default, but granted Plaintiff's motion to compel production of Defendants' initial disclosures after Mr. Morgan acknowledged that the motion was unopposed. (ECF No. 50). The Court also granted Plaintiff's motion (ECF No. 47) to extend the deadline for producing expert reports (ECF No. 50), which was necessitated by Defendants' failure to timely provide discovery and to participate in this case (ECF No. 47, PageID.670-71). The Court advised counsel that it takes seriously its deadlines and orders, and it warned

---

[1] The email address to which the Court's electronic notices are sent are not selected by the Court, but instead are provided by the attorney in question.

[2] The hearing was audio-recorded, and a transcript may be prepared upon request.

that future failures to comply "very well may result in sanctions."

That admonition was apparently lost on Mr. Morgan who again violated a Court order by failing to make the payment of attorneys' fees within thirty days, as ordered on October 27, 2020. This prompted Plaintiff to file a motion for a show-cause order. (ECF No. 58). On December 30, 2020, the Court conducted a hearing on that matter, at which Mr. Morgan appeared. (Minutes, ECF No. 61). The Court granted the motion, in part, ordering Mr. Morgan to pay the award of costs by January 8, 2021. (ECF No. 62). The Court again admonished Mr. Morgan **"that future failure to timely comply with the Court's orders may result in additional sanctions, including contempt."** (*Id.* at PageID.877) (emphasis in original).

On September 30, 2020, Plaintiff filed a motion for summary judgment. (ECF No. 54). Defendants failed to respond to the motion. On January 4, 2021, the Court granted the motion in part and denied it in part. (Mem. Op., ECF No. 64; Order, ECF No. 65).

Plaintiff filed a second motion for attorneys' fees on January 4, 2021. (ECF No. 63). This fee petition related to the successful show-cause motion Plaintiff filed as a result of Mr. Morgan's failure to pay costs, as required by the Court's October 27, 2020, order. (*Id.* at PageID.878). Plaintiff seeks $3,037.50 in fees and costs. (*Id.* at PageID.879). Defendants did not respond.

On January 8, 2020, Plaintiff filed another motion to extend the dates in the Case Management Order, citing, in part, Defendants' failure to timely produce initial disclosures and their non-compliance with Court orders. (ECF No. 69). As a result, on January 11, 2021, the Court issued the Third Amended Case Management Order. (ECF No. 73).

On January 15, 2021, Plaintiff filed a motion for an order requiring Defendants to deliver all materials that infringe Plaintiff's intellectual property rights. (ECF No. 74). Defendants have failed to respond.

On February 2, 2021, the Court scheduled a hearing on Plaintiff's motion for delivery of infringing materials for February 11, 2021, at 2:00 p.m. (Notice, ECF No. 83). On February 10, 2021, the Court issued a second notice regarding the February 11 hearing, adding the attorneys' fee motion. (Notice, ECF No. 84). Mr. Morgan failed to appear (Minutes, ECF No. 87), and he failed to contact the Court regarding his non-appearance. Accordingly, the Court issued a show-cause order on February 11 requiring Mr. Morgan to appear in person on February 17, 2021, to offer an explanation as to why he should not be held in contempt or otherwise sanctioned for his failure to appear. (ECF No. 90). The Court noted that Mr. Morgan's failure to appear "**may result in the issuance of an arrest warrant**." (*Id.* at PageID.992) (emphasis in original).

Undeterred by that admonition, Mr. Morgan failed to appear at the February 17 show-cause hearing. Mr. Morgan acknowledged receipt of the February 11 show-cause order when he contacted the undersigned's chambers by email the next day,

6

noting he had a conflict with the hearing date. Although Mr. Morgan was advised in writing that he would need to file a motion to seek an adjournment of the hearing, no such undertaking was filed.

### Discussion

It is settled law that federal courts have the inherent authority to punish those who violate court orders. *See, e.g., Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994). "Courts independently must be vested with 'power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates, and . . . to preserve themselves and their officers from the approach and insults of pollution.'" *Id.* (quoting *Anderson v. Dunn*, 6 Wheat. 204, 227, 5 L. Ed. 242 (1821)). The Supreme Court described the nature and necessity of the contempt power in *Gompers v. Buck's Stove & Range Co.*:

> [W]hile it is sparingly to be used, yet the power of courts to punish for contempts is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law. Without it they are mere boards of arbitration, whose judgments and decrees would be only advisory.
>
> If a party can make himself a judge of the validity of orders which have been issued, and by his own act of disobedience set them aside, then are the courts impotent, and what the Constitution now fittingly calls the 'judicial power of the United States' would be a mere mockery.

221 U.S. 418, 450 (1911).

Criminal contempt is governed by 18 U.S.C. § 401.[3] It provides, in pertinent part, that federal courts "shall have power to punish by fines or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." *Id.* Civil contempt, however, remains a creature of the court's inherent power. *See Spallone v. United States*, 493 U.S. 265, 276 (1990) ("[T]he District Court [is] entitled to rely on the axiom that 'courts have inherent power to enforce compliance with their lawful orders through civil contempt.'" (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). "Contempts are neither wholly civil nor altogether criminal. And 'it may not always be easy to classify a particular act as belonging to either one of these two classes. It may partake of the characteristics of both.'" *Gompers*, 221 U.S. at 441 (quoting *Bessette v. W.B. Conkey Co.*, 194 U.S. 324, 329 (1904)).

The principle purpose of criminal contempt is punitive, "to vindicate the authority of the court." *Gompers*, 221 U.S. at 441. Civil contempt, on the other hand, is remedial and is imposed "for the benefit of the complainant." *Id.*; *see also United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947) (The purpose of civil contempt is "to coerce the defendant into compliance with the court's order, and

---

[3] If the Court pursues criminal contempt, it must appoint a prosecutor and afford the accused a jury trial. *See* FED. R. CRIM. P. 42(a); *see also Bloom v. State of Illinois*, 391 U.S. 194, 210 (1968) (holding that those charged with criminal contempt have a right to a jury trial, unless it is being pursued as a "petty" offense (one punishable by incarceration of six months or less)).

8

to compensate the complainant for losses sustained." (citing *Gompers*, 221 U.S. at 448, 449)). "[A] contempt is considered civil when the punishment is wholly remedial, serves only the purposes of the complainant, and is not intended as a deterrent to offenses against the public." *McCrone v. United States*, 307 U.S. 61, 64 (1939). In addition, "[t]he award of attorney's fees and expenses to a successful movant may be appropriate in a civil contempt proceeding." *TWM Mfg. Co. v. Dura Corp.*, 722 F.2d 1261, 1273 (6th Cir. 1983).

Given the facts and circumstances of this case, Mr. Morgan's contumacious conduct appears to fall squarely within the scope of criminal contempt. Nevertheless, and given additional information that may be received, the Court may determine it appropriate to give Mr. Morgan the benefit of the doubt and impose civil contempt.

Civil contempt may be sufficient to effectively remediate the harm caused by his misconduct, vindicate the Court's orders, and provide the necessary incentive to obtain his future compliance with the Court's orders. The standards for civil contempt require a showing "by clear and convincing evidence that [the alleged contemnors] 'violated a definite and specific order of the court requiring [them] to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (quoting *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 590 (6th Cir. 1987)). Based on the facts stated in the Background section of this Report and Recommendation, the standard for civil contempt has been met.

## Conclusion

Having found repeated violations of this Court's orders, the undersigned judicial officer recommends that Mr. Morgan be held in contempt for his failure to appear at the February 11, 2021, motion hearing and his failure to comply with the Court's order compelling his appearance at the February 17, 2021, show-cause hearing. The undersigned leaves it to the sound discretion of the Honorable Hala Y. Jarbou to determine the appropriate sanction.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: February 18, 2021               /s/ Phillip J. Green
                                      PHILLIP J. GREEN
                                      United States Magistrate Judge