UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| S&S INNOVATIONS CORP., A Colorado Corporation, | Case No. 18-cv-01377 |
| Plaintiff, | Honorable Hala Y. Jarbou |
| v. | Magistrate Phillip J. Green |
| UUSI, LLC, d/b/a Nartron, a Michigan Limited Liability Company, TATTLER HOME PRODUCTS, LLC, a Michigan Limited Liability Company, and NORMAN RAUTIOLA, an individual. | |
| Defendants. | |

## PLAINTIFF'S TRIAL BRIEF

This case has largely been reduced to a "damages-only" case. By way of dispositive briefing, the issues of liability against Defendants Uusi, LLC d/b/a Nartron ("Nartron") and Tattler Home Products, LLC ("THP") are now resolved. As a matter of law, these Defendants are liable for trademark infringement, counterfeit infringement, unfair competition, and copyright infringement (THP only). The only remaining determination is the extent of damages owed to Plaintiff with respect to these items above.

As of the date of this filing, the issue of whether Defendant Norman Rautiola ("Rautiola") is individually liable remains outstanding. Based on Rautiola's sole ownership of Nartron and THP, along with his undeniable direct participation in the infringement, it is expected that a jury will find Rautiola liable for trademark infringement, counterfeit infringement, unfair competition, and copyright infringement because he was the moving force behind the infringement.

Based on the evidence in this case, Plaintiff's damages are significant. This is particularly true because infringement was ongoing for approximately 7 years. Plaintiff is entitled to recover

1

it lost profits and Defendants' profits related to its unlawful conduct of selling counterfeit lids. In addition, Plaintiff also expects to obtain an award of treble damages, attorneys' fees, costs, and pre-judgment interest related to any verdict returned by the jury.

## STATEMENT OF FACTS AND ARGUMENT

On January 4, 2021, the Court issued an Opinion in response to Plaintiff's motion for summary judgment. [ECF No. 54, 64]. As a result of the Court's Opinion, Defendants Nartron and THP are liable for trademark infringement, counterfeit infringement, and unfair competition. Additionally, THP is liable for copyright infringement.

On March 18, 2021, Plaintiff filed a second motion for summary judgment seeking to assign liability against Defendant Rautiola under all remaining counts of Plaintiff's First Amended Complaint. [ECF No. 117]. Plaintiff argued that based on Rautiola's direct involvement and participation in the infringement, he is directly liable under all counts. Additionally, Plaintiff argued that Rautiola is liable under a piercing the corporate veil theory and as a contributory infringer to the direct infringement of the corporate defendants.

Also pending before the Court is Plaintiff's motion for summary judgment seeking rulings on whether Defendants engaged in intentional infringement under 15 U.S.C. §1117(b)(1), whether Defendants engaged in willful infringement under 15 U.S.C. §1117(a), and the amount of statutory damages the Court can assign pursuant to 15 U.S.C. §1117(c)(2). [ECF No. 143]. An award of statutory damages before trial could provide Plaintiff sufficient monetary relief to resolve the case and avoid trial altogether. Based on the intentional and willful nature of Defendants' infringement and conduct in this case, the maximum amount of statutory damages is appropriate.

In the event statutory damages are not awarded in advance of trial, Plaintiff may elect to pursue an award of monetary damages in the amount of Defendants' profits related to its

2

infringement and/or Plaintiff's lost profits. 15 U.S.C. § 1117(a). With respect to Defendants' profits, typically referred to as disgorgement, Plaintiff bears the burden of establishing Defendants' gross revenue during the infringing period (2014 – 2021). As made clear in Plaintiff's motion in limine (ECF No. 160), obtaining reliable financial data from Defendants has not been easy. Look no further from the fact that despite numerous court orders, Defendants still have not produced sales data for 2021, even though they were ordered to cease sales over two months ago (and therefore the 2021 sales figures have been finalized for some time now). Nevertheless, based on data that has been made available, Defendants purportedly had gross revenue of $1,055,129 from 2014 – 2020. Plaintiff expects to treble these damages based on Defendants' intentional and willful conduct. 15 U.S.C. § 1117(a), (b)(1).

Additionally, with respect to disgorgement, Defendants bear the burden of producing evidence of expense deductions to determine their profits. 15 U.S.C. § 1117(a). Defendants have not produced any admissible evidence of expense deductions and should not be permitted to present any such evidence at the time of trial.

Finally, Plaintiff retained Mr. Kevin McElroy to conduct a thorough damages analysis related to Plaintiff's lost profits. His analysis is well founded, based on reliable, admissible information, and is consistent with the facts of the case. Based on Mr. McElroy's analysis, Plaintiff suffered $2,103,295.00 in lost profits from the time Defendants commenced their infringement through December 31, 2020. It is expected that a jury will find Mr. McElroy credible and adopt his analysis. It is further believed that Plaintiff will be permitted to treble these damages either by way of the Court ruling on Plaintiff's pending motion for summary judgment or a finding of fact by the jury. 15 U.S.C. § 1117(a), (b)(1).

It is important to note that Defendants never identified any expert of their own. In other

words, Defendants have no evidence (credible or otherwise) or qualified witness they can present to challenge Mr. McElroy's findings.

In addition monetary damages, Plaintiff will pursue damages in the form of attorneys' fees, costs, and interest.  See, 15 U.S.C. §1117(a).  With many, if not all, issues of liability resolved, these additional forms of damages stand to only increase Defendants' risk in going through trial.

## **CONCLUSION**

With many issues of liability already resolved, trial stands to predominantly present the issue of not whether Plaintiff will recover damages, but how much.  Whether it be through disgorgement or lost profits, Plaintiff will present evidence that proves the significant harm caused by Defendants' intentional and willful infringement.  Plaintiff retained an expert to calculate its damages, and Defendants have no evidence whatsoever in which to oppose the only damages analysis in this case.  Alternatively, the matter can be resolved through statutory damages.  Based on the evidence in this case, Plaintiff believes the jury will find Rautiola liable if that issue still remains outstanding and award significant damages in its favor, in addition to all other relief in which Plaintiff is entitled to recover.

Dated:  May 19, 2021

KUIPER KRAEMER PC
Attorney for Plaintiff

By: /s/ Nicholas V. Dondzila
    Nicholas V. Dondzila (P73937)

BUSINESS ADDRESS AND TELEPHONE:
   180 Monroe Avenue, Suite 400
   Grand Rapids, MI 49503
   (T): (616) 454-3700
   dondzila@k2legal.com

5

Dated:  May 19, 2021						OPPENHUIZEN LAW PLC
								Attorney for Plaintiff

								By: /s/ David L. Oppenhuizen
								      David L. Oppenhuizen (P70219)

								BUSINESS ADDRESS AND TELEPHONE:
								      5960 Tahoe Dr SE, Suite 105
								      Grand Rapids, MI 49546
								      (T) (616) 242-9550
								      david@oppenhuizen.com

5