UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

_____

S&S INNOVATIONS CORP,

      Plaintiff,

v

UUSI, LLC, d/b/a Nartron, a Michigan
Limited Liability Company, TATTLER
HOME PRODUCTS, LLC, a Michigan
Limited Liability Company, and NORMAN
RAUTIOLA, an individual,

      Defendants.

Case No. 18-cv-01377

Hon. Hala Y. Jarbou

Magistrate Phillip J. Green

---

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

## *** ORAL ARGUMENT REQUESTED ***

DATED:  May 28, 2021

By:  */s/ Kenneth B. Morgan*
Kenneth B. Morgan (P34492)
KENNETH B. MORGAN PC
Attorney for Defendants
550 W. Merrill Street, Suite 100
Birmingham, MI 48009
(248) 594-6341
morgan.kb@kbmpc.com

# <u>Table of Contents</u>

**Introduction**.................................................................................................1

**Argument**....................................................................................................1

    **A.**    **Plaintiff's Request for an Award of Statutory Damages Under 15 U.S.C. § 1117(C)(2) and 17 U.S.C. 504(C) is Premature** ..................................1

        1.    Defendants Have a Seventh Amendment Right to a Jury Trial on the Issue of Damages ...........................................................................2

        2.    Regardless of Defendants' Jury-Trial Rights, Plaintiff's Request for a Statutory Damages Award under 15 U.S.C. 1117(c)(2) is Premature ........5

    B.    If Plaintiff Chooses to Recover Statutory Damages under § 1117(a) and (b)– Including Actual Damages, Treble Damages, Attorney Fees, Costs, or Prejudgment Interest–as a Matter of Law ...............................................6

    C.    Plaintiff Can't Recover–and his Court Can't Award–Treble Statutory Damages...9

    D.    Under the Plain Language of 17 U.S.C. § 412(2), Plaintiff Can't Recover Statutory Damages or Attorney Fees for any Alleged Copyright Infringement....11

    **E.**    **Plaintiff's Request for a Statutory-Damages Award Impermissibly Relies on Inadmissible "Bad Acts" Evidence by Defendant**...........................................13

    **F.**    **Plaintiff's Motion Should be Denied as Untimely** ...........................................14

**Conclusion**...................................................................................................15

# Index of Authorities

**CASES**

*3M Co. v. Mohan*, Civ. No. 09-1413; 2010 WL 5095676 at *1 (D. Minn. Nov. 24, 2010) ....... 4-5

*Bar–Meir v. North American Die Casting Ass'n,* 55 Fed. Appx. 389, 390–91 (8th Cir.2003) ......4

*Bly v. Banbury Books, Inc.*, 638 F. Supp. 983, 987 (E.D. Penn. 1986) .........................................6

*Bridgestone Brands, LLC v. Katy Freeway Tire & Auto., Inc.*, No. H-15-2274; 2017 WL 6327652 (S.D. Tex. May 25, 2017) .........................................................................................4

*BWP Media USA, Inc. v. Gossip Cop Media, Inc.*, 196 F. Supp.3d 395, 410 (S.D.N.Y. 2016) ....6

*BMW v North America, LLC v. Zahra*, C 15-2924 CRB; 2016 WL 215983 (N.D. Cal. Jan. 19, 2019) ......................................................................................................................9

*Chanel, Inc. v. Matos*, 133 F. Supp.3d 678, 687 (D.N.J. 2015) ............................................. 6, 11

*Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224 (7th Cir. 1991) ..........................................5

*Clever Covers, Inc. v. Sw. Fla. Storm Def., LLC*, 554 F.Supp.2d 1303, 1313 (M.D. Fla. 2008) ...6

*Coach, Inc. v. Chouman's Ass'n, Inc.*, 2012 WL 6705412 (E.D. Mich. Dec. 26, 2012) ..............8

*Coach, Inc. v. O'Brien*, No. 10 Civ. 6071; 2012 WL 1255276 (S.D.N.Y. Apr. 13, 2012) .........11

*Coach, Inc. v. Ocean Point Gifts*, No. 09-4215, 2010 WL 2521444 (D.N.J. June 14, 2010) ........6

*Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) ........................................................................................................7

*Curtis v. Illumination Arts, Inc.*, 957 F. Supp. 2d 1252, 1259–60 (W.D. Wash. 2013) ...............4

*Curtis v. Loether,* 415 U.S. 189 (1974) .......................................................................................3

*Daimler AG v A-Z Wheels LLC*, 498 F. Supp. 3d. 1282, 1290 (S.D. Cal. 2020) .........................4

*Dairy Queen, Inc v. Wood*, 369 U.S. 469, 477; 82 S. Ct. 894; 8 L Ed.2d 44 (1962) ....................3

*Dorchen/Martin Associates, Inc. v. Brook of Cheboygan, Inc.*, No. 11-10561; 2013 WL 140790 (E.D. Mich. Jan. 11, 2013) ........................................................................................13

*Entertainment One UK Ltd. V. 2012Shiliang*, 384 F. Supp.3d 941, 953 (N.D. Ill. 2019) .......... 5-6

*Ez–Tixz, Inc. v. Hit–Tix, Inc.,* 919 F.Supp. 728, 736 (S.D.N.Y.1996) ........................................ 13

*Feltner v Columbia Pictures Television, Inc.*, 523 U.S. 340; 118 S. Ct. 1279;
140 L. Ed. 2d. 438 (1998) ................................................................................................... 2-4

*Global Van Lines, Inc. v. Global Moving Exp., Inc.*, No. 06 Civ. 3776; 2007 WL 7769395
(S.D.N.Y. Aug. 20, 2007) ...................................................................................................... 11

*Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42, 109 S.Ct. 2782, 2790, 106
L.Ed.2d 26 (1989) ................................................................................................................ 2

*Gucci Am. v. Duty Free Apparel, Ltd.*, 315 F.Supp.2d 511, 520 (S.D.N.Y. 2004) ...................... 6

*Hayden v Rhode Island*, 13 Fed Appx 301, 302 (6th Cir 2001) ................................................... 15

*Hildebrand v. Bd. of Tr. of Mich. State Univ.,* 607 F.2d 705, 708 (6th Cir. 1979) ....................... 2

*Johnson v. Jones*, 149 F.3d 494, 504-505 (6th Cir. 1998) ..................................................... 12-13

*K & N Eng'g, Inc. v. Bulat*, 510 F.3d 1079, 1082 (9th Cir. 2007) ........................................... 8-9

*Keahey v Marquis*, 978 F3d 474, 481 (6th Cir 2020) ................................................................ 15

*Leary v. Daeschner*, 349 F.3d 888, 910 (6th Cir. 2003) ............................................................. 2

*Lifted Research Group, Inc. v. Salem*, No. C-08-4497 SC; 2009 WL 1371416
(N.D. Cal. May 15, 2009) ................................................................................................. 9, 11

*Luxottica Grp., S.P.A. v. Airport Mini Mall, LLC*, No. 1:15–CV–1422–AT, 2017 WL
928574 (N.D. Ga. Feb. 10, 2017) ...................................................................................... 4, 9

*Malletier v. Artex Creative Intern. Corp.*, 687 F. Supp.2d 347, 355 (S.D.N.Y. 2010) ............. 5-6

*Masck v. Sports Illustrated,* No. 13–10226, 2013 WL 2626853 (E.D.Mich. June 11, 2013) ...... 12

*Mencer v. Princeton Square Apartments*, 228 F.3d 631, 636 (6th Cir. 2000) ............................. 9

*Municipal Credit Union v. Queens Auto Mall, Inc.*, 126 F. Supp.3d 290, 297
(E.D.N.Y. 2015) ...................................................................................................................... 6

*Microsoft v. MBC Enterprises*, 120 Fed. Appx. 234, 240 n. 1 (10th Cir. 2004) .......................... 4

*Moore v. Sun Oil Co.,* 636 F.2d 154, 156 (6th Cir. 1980) ........................................................... 3

*Niemi v. American Axle Mfg. & Holding, Inc.*, No. 05-74210; 2008 WL 905558
(E.D. Mich. Mar. 31, 2008) ................................................................................................. 13

*Parfums Givenchy, Inc. v. C & C Beauty Sales, Inc.,* 832 F.Supp. 1378, 1393 (C.D.Cal.1993) .13

*Planned Parenthood Southwest Ohio Region v. Dewin*, 931 F.3d 530, 538 (6th Cir. 2019) .........9

*Reeb v. Ohio Dept. of Rehabilitation and Correction*, 81 Fed. App'x. 550, 554 n. 6
    (6th Cir. 2003) ......................................................................................................................3

*Sara Lee Crop v Bags of New York, Inc*, 36 F. Supp.2d 161, 167 (S.D.N.Y. 1999) ...................6

*Seeburg Corp. v. AMR Pub., a Div. of Victory Glass Co.*, 80 F.Supp.2d 723
    (W.D. Mich. 1999) ...........................................................................................................12-13

*Sisay v. Smith*, 310 Fed. Appx. 832, 841 (6th Cir. 2009) ..........................................................7

*Sly Magazine, LLC v. Weider Publications LLC*, 241 F.R.D. 527, 531 (S.D.N.Y. 2007) ..........11

*Sream, Inc. v. Khan Gift Shop, Inc.*, No. 15-cv-02091; 2016 WL 1130610 (S.D.N.Y.
    Feb. 23, 2016) ...................................................................................................................11

*Starbuzz Tobacco, Inc. v. Addison Specialty Servs., Inc.*, No. 13-cv-1539; 2015 WL
    11251805 (S.D. Cal. Jul. 29, 2015) ...............................................................................8, 10

*Tiedel v. Northwestern Mich. College*, 865 F.2d 88, 93 (6th Cir. 1988) ....................................9

*Tull v. United States,* 481 U.S. 412, 417-18 (1987) ....................................................................3

*United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026,
    103 L.Ed.2d 290 (1989) ......................................................................................................7

*US v Todd*, 920 F2d 399, 403 (6th Cir 1990) ...........................................................................15

*Virtual Studios, Inc. v. Hagaman Industries, Inc.*, 984 F.Supp.2d 830, 839
    (E.D. Tenn. 2013) ...........................................................................................................12-13

*Warner Bros, Inc. v. Dae Rim Trading, Inc.*, 677 F. Supp. 740, 769 (S.D.N.Y. 1988) ...............6

*Westside Mother v Olszewski*, 454 F3d 532, 538 (6th Cir 2006) ...............................................15

*Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1283 (11th Cir. 2015) .....................5

*Yelp Inc. v. Catron*, 70 F. Supp.3d 1082, 1102 (N.D. Cal. 2014) ...........................................6, 9

**STATUTES**

15 U.S.C. § 1051 ....................................................................................................................4

15 U.S.C. § 1117 ................................................................................................4

15 U.S.C. § 1117(a)-(b) ......................................................................................1

15 U.S.C. § 1117(c) .........................................................................................4-5

15 U.S.C. § 1117(c)(2) ...............................................................................1-2, 5

17 U.S.C. § 412...................................................................................................1

17 U.S.C. § 504 ..................................................................................................4

17 U.S.C. § 504(c) .......................................................................................1, 3-4

17 U.S.C. § 504(c)(2) .....................................................................................2-3

**MISCELLANEOUS**

Scalia & Garner, *Reading Law: The Interpretation of Legal Texts*, pp. 57-58
    (St. Paul: Thomson/West, 2012) ................................................................7

## <u>Index of Exhibits</u>

**Exhibit A** – *3M Co. v. Mohan* ......................................................................4

**Exhibit B** – *Bridgestone Brands, LLC v. Katy Freeway Tire & Auto., Inc.* .................................4

**Exhibit C –** *Luxottica Grp., S.P.A. v. Airport Mini Mall, LLC* ..........................................4

**Exhibit D –** *Coach, Inc. v. Ocean Point Gifts* ......................................................6

**Exhibit E –** *Starbuzz Tobacco, Inc. v. Addison Specialty Servs., Inc.* ...................................8

**Exhibit F –** *Coach, Inc. v. Chouman's Ass'n, Inc.* ....................................................8

**Exhibit G –** *BMW v North America, LLC v. Zahra* ....................................................9

**Exhibit H –** *Luxottica Group, S.p.A. v. Shore Enuff* .................................................9

**Exhibit I –** *Lifted Research Group, Inc. v. Salem* ...................................................9

**Exhibit J –** *Global Van Lines, Inc. v. Global Moving Exp., Inc.* ....................................11

**Exhibit K –** *Coach, Inc. v. O'Brien* ...............................................................11

**Exhibit L –** *Sream, Inc. v. Khan Gift Shop, Inc.* .................................................11

**Exhibit M –** *Masck v. Sports Illustrated* .........................................................12

**Exhibit N –** *Niemi v. American Axle Mfg. & Holding, Inc.* .........................................13

**Exhibit O –** *Dorchen/Martin Associates, Inc. v. Brook of Cheboygan, Inc.* .........................13

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.2(b)</u>

I hereby certify that this response to plaintiff's summary-judgment motion on various damages issues (ECF 143) complies with L.R. 7.2(b) and that they contain 5,824 words as calculated by Word 365, including headings, footnotes, citations, and quotations, but excluding the caption, tables, signature blocks, and attachments.

Dated: May 28, 2021

**By:** *<u>/s/ Kenneth B. Morgan</u>*
Kenneth B. Morgan (P34492)
550 W. Merrill Street, Ste. 100
Birmingham, MI 48009
(248) 594-6341
Morgan.kb@kbmpc.com

## Introduction

Plaintiff's current motion (ECF 143) asks this Court to rule as a matter of law on various issues related to its claim for damages in this case. But plaintiff's arguments lack merit for several reasons and, therefore, should be denied.

First, plaintiff request for this Court to enter an award of statutory damages under 15 U.S.C. § 1117(c)(2) and 17 U.S.C. § 504(c) should be denied because defendant's have a Seventh Amendment right to a jury trial on all issues related to statutory damages. Regardless, a determination on the amount of statutory damages is premature and should be delayed until after the jury makes an award of plaintiff's actual damages, if any.

Second, plaintiff asks this Court to hold that its entitled to recover treble damages, attorney fees, prejudgment interest, and costs under 15 U.S.C. § 1117(a)-(b) regardless whether it elects to recover actual damages under § 1117(a)-(b) or statutory damages under § 1117(c). But it's well-established that an election of statutory damages precludes recovery of any of the remedies provided by § 1117(a) or (b). Further, under case law and the plain language of § 1117, an award of statutory damages isn't subject to trebling.

Third, plaintiff asks this Court to award statutory damages for alleged copyright infringement under 17 U.S.C. § 504(c). But plaintiff can't recovery those damages as a matter of law because 17 U.S.C. § 412 bars recovery of statutory damages where, like here, the alleged infringement began after publication but before registration.

Fourth, plaintiff's motion is untimely under this Court's case management orders.

This Court should deny plaintiff's in its entirety.

## Argument

**A.    Plaintiff's request for an award of statutory damages under 15 U.S.C. § 1117(c)(2) and 17 U.S.C. 504(c) is premature.**

1

Plaintiff asks this Court to award it $4,000,000 in statutory damages under 15 U.S.C. § 1117(c)(2) and $150,000 in statutory damages under 17 U.S.C. § 504(c)(2).[1] But that request is premature and not appropriate for summary judgment.

1. **Defendants have a Seventh Amendment right to a jury trial on the issue of damages.**

As a threshold matter, this Court lacks authority to make an award of statutory damages in this case because defendants have a Seventh Amendment right to have the jury decide whether they're responsible for statutory damages and, if so, in what amounts.

The Seventh Amendment to the United States Constitution provides a right to a jury trial "[i]n suits at common law."[2] But the Seventh Amendment's jury-trial right isn't limited to common-law causes of action; rather, it applies to "actions brought to enforce statutory rights that are analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty."[3] And, to determine whether defendants have a right to a jury trial in a statutory action, courts "examine both the nature of the statutory action and the remedy sought."[4]

"[T]he chief focus to be made when determining whether a jury trial right exists is the nature of the relief sought."[5] For example, "if the relief sought includes compensatory and/or

---

[1] ECF 143-1, PageID.1777-1778, 1784-1786, 1788.

[2] U.S. Const. Amend. VII.

[3] *Feltner v Columbia Pictures Television, Inc.*, 523 U.S. 340, 348; 118 S. Ct. 1279; 140 L. Ed. 2d. 438 (1998), quoting *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 42, 109 S.Ct. 2782, 2790, 106 L.Ed.2d 26 (1989).

[4] *Feltner*, 523 U.S. at 348.

[5] *Leary v. Daeschner*, 349 F.3d 888, 910 (6th Cir. 2003), quoting *Hildebrand v. Bd. of Tr. of Mich. State Univ.,* 607 F.2d 705, 708 (6th Cir. 1979).

2

punitive damages, then there does exist a right to trial by jury."[6] That is, the Seventh-Amendment jury-trial right attaches to any statutory cause of action that allows plaintiffs to pursue money damages.[7] And, if the jury-trial right attaches to a claim, the Seventh Amendment "mandates that…it extends to all of the factual issues that are necessary to resolve that claim."[8]

The United States Supreme Court has held that a "claim for a money judgment" in "an action for damages based upon a charge of trademark infringement" is a claim "wholly legal in its nature."[9] And, in *Feltner*, the Supreme Court held that "the Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages ... including the amount itself."[10] There, the Court addressed the statutory damages provision in the Copyright Act, 17 U.S.C. 504(c), which permits an award of damages "as the court considers just" (i.e., the same language as the statutory-damages provision in the Lanham Act, 15 U.S.C. § 1117(c)(2)).[11] Reasoning that monetary damages like the statutory damages available under the Copyright Act are "legal" rather than "equitable," the Supreme Court concluded that "the Seventh Amendment provides a right to a jury trial where the copyright owner elects to recover statutory damages."[12] It

---

[6] *Leary*, 349 F.3d at 910, quoting *Hildebrand*, 607 F.2d at 708.

[7] *Curtis v. Loether,* 415 U.S. 189 (1974) (Seventh Amendment "requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law"); *Tull v. United States,* 481 U.S. 412, 417-18 (1987) (in determining whether claim should be tried to jury, court examines nature of the action and remedy sought, whether legal or equitable); see also *Moore v. Sun Oil Co.,* 636 F.2d 154, 156 (6th Cir. 1980) (Seventh Amendment guarantees a jury trial where a plaintiff is seeking legal relief, *i.e.,* either compensatory or punitive damages.").

[8] *Reeb v. Ohio Dept. of Rehabilitation and Correction*, 81 Fed. App'x. 550, 554 n. 6 (6th Cir. 2003) (citations omitted)

[9] *Dairy Queen, Inc v. Wood*, 369 U.S. 469, 477; 82 S. Ct. 894; 8 L Ed.2d 44 (1962).

[10] *Feltner*, 523 U.S. at 355.

[11] *Id.* at 343-345.

[12] *Id.* at 352-353.

also held that "[t]he right to a jury trial includes the right to have a jury determine the *amount* of statutory damages, if any…."[13]

Since *Feltner*, Courts across the nation have recognized that defendants have a Seventh Amendment right to a jury trial where the plaintiff seeks statutory damages.[14] For example, the District Court for the Southern District of California recently denied a plaintiff's request for partial summary judgment on the amount of statutory damages under the Lanham Act because "where the plaintiff seeks more than the statutory minimum—and particularly where, as here, the plaintiff seeks significantly more—the quantum of statutory damages should be determined by the jury."[15] Similarly, the District Court for the Western District of Washington denied a plaintiffs' motion for summary judgment on issue of statutory damages because, "[e]ven considering Plaintiffs' undisputed evidence in favor of an award of the statutory maximum, the selection of such an award requires the exercise of discretion by the fact finder."[16]

---

[13] *Id.* at 353.

[14] *Microsoft v. MBC Enterprises*, 120 Fed. Appx. 234, 240 n. 1 (10th Cir. 2004) (citations omitted) ("[W]e note with respect to the damages awards under the Copyright Act, 17 U.S.C. § 504, and the Lanham Act, 15 U.S.C. § 1117, the Supreme Court has held the right to a jury trial under the Seventh Amendment attaches."); *Bar–Meir v. North American Die Casting Ass'n*, 55 Fed. Appx. 389, 390–91 (8th Cir.2003) (holding that the Seventh Amendment right to a jury trial attached to claims for damages under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and remanding "to have a jury determine the damages"); *3M Co. v. Mohan*, Civ. No. 09-1413; 2010 WL 5095676 at *1 (D. Minn. Nov. 24, 2010) (**Ex. A**) ("[T]he Court finds that the Seventh Amendment requires a jury determination on the issue of statutory damages under the Lanham Act."); *Bridgestone Brands, LLC v. Katy Freeway Tire & Auto., Inc.*, No. H-15-2274; 2017 WL 6327652 at *10-*11 (S.D. Tex. May 25, 2017) (**Ex. B**) ("Assuming that Plaintiffs' motion constitutes an election of statutory damages under 15 U.S.C. § 1117(c) in lieu of actual damages, the amount of statutory damages requires a factual determination by the trier of facts, which in this case will be a jury."); *Luxottica Grp., S.P.A. v. Airport Mini Mall, LLC*, No. 1:15–CV–1422–AT, 2017 WL 928574, at *2 (N.D. Ga. Feb. 10, 2017) (**Ex. C**) ("[T]he Court finds that the jury shall decide all issues related to Plaintiffs' election for an award of statutory damages, including the amount of any damages to award under 15 U.S.C. § 1117(c).").

[15] *Daimler AG v A-Z Wheels LLC*, 498 F. Supp. 3d. 1282, 1290 (S.D. Cal. 2020)

[16] *Curtis v. Illumination Arts, Inc.*, 957 F. Supp. 2d 1252, 1259–60 (W.D. Wash. 2013)

4

Based on the above case law, defendants have a right to a jury trial on the issue of statutory damages under either 17 U.S.C. § 504(c) or 15 U.S.C. § 1117(c).[17] Since they have never waived that right, it must be respected and the jury (rather than this Court) must determine the amount of statutory damages, if any, that plaintiffs are entitled to. Accordingly, this Court should deny plaintiff's motion to the extent it requests an award of statutory damages under either 17 U.S.C. § 504(c) or 15 U.S.C. § 1117(c).

2.   **Regardless of defendants' jury-trial rights, plaintiffs request for a statutory damages award under 15 U.S.C. § 1117(c)(2) is premature.**

Even if defendants don't have a Seventh Amendment right to a jury trial on the issue of statutory damages (they do), an award of statutory damages is still premature, and this Court should still decline to make such an award until after a jury trial on the issue of actual damages.

The Lanham Act "does not provide guidelines for courts to use in determining an appropriate award."[18] Rather, the only statutory limit is that the amount of damages be "just."[19] Thus, finders of fact enjoy "wide discretion" in determining statutory damages and are "not required to follow any rigid formula."[20]

---

[17] *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1283 (11th Cir. 2015) ("[I]f a party so demands, a jury must determine the actual amount of statutory damages under § 504(c) in order 'to preserve the substance of the common-law right of trial by jury.' "); *3M Co. v. Mohan*, Civ. No. 09-1413; 2010 WL 5095676 at *28 (D. Minn. Nov. 24, 2010) ("The Court is constitutionally barred from awarding statutory damages where the defendant did not waive his demand for a jury trial.").

[18] *Malletier v. Artex Creative Intern. Corp.*, 687 F. Supp.2d 347, 355 (S.D.N.Y. 2010) (citations omitted)

[19] 15 U.S.C. § 1117(c)(2).

[20] *Entertainment One UK Ltd. V. 2012Shiliang*, 384 F. Supp.3d 941, 953 (N.D. Ill. 2019), quoting *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224 (7th Cir. 1991).

5

That being said, "statutory damages are meant to serve as a substitute for actual damages."[21] And, they aren't "intended to provide a plaintiff with a windfall recovery."[22] So courts across the country have recognized that statutory damages should "bear some discernible relation to the actual damages suffered."[23] That is, "[t]he typical starting point for assessing statutory damages is actual damages, such as plaintiff's loss and defendant's profits."[24] And "[t]o the extent possible, statutory damages should be woven out of the same bolt of cloth as actual damages."[25]

---

[21] *Coach, Inc. v. Ocean Point Gifts*, No. 09-4215, 2010 WL 2521444, at *6 (D.N.J. June 14, 2010) (**Ex. D**) (internal quotations omitted)

[22] *Clever Covers, Inc. v. Sw. Fla. Storm Def., LLC*, 554 F.Supp.2d 1303, 1313 (M.D. Fla. 2008) (citations omitted); *Yelp Inc. v. Catron*, 70 F. Supp.3d 1082, 1102 (N.D. Cal. 2014) ("While a plaintiff in a trademark or copyright infringement suit is entitled to damages that will serve as a deterrent, it is not entitled to a windfall."); *Warner Bros, Inc. v. Dae Rim Trading, Inc.*, 677 F. Supp. 740, 769 (S.D.N.Y. 1988) ("While a plaintiff is allowed to opt for statutory damages in lieu of actual damages, this option is not intended to provide the plaintiff with a windfall recovery.").

[23] *Chanel, Inc. v. Matos*, 133 F. Supp.3d 678, 687 (D.N.J. 2015) (citations omitted and cleaned up); *BWP Media USA, Inc. v. Gossip Cop Media, Inc.*, 196 F. Supp.3d 395, 410 (S.D.N.Y. 2016) ("Statutory damages need not equal harm actually incurred by a plaintiff, but they should bear some relation to actual damages suffered."); *Entertainment One UK Ltd. V. 2012Shiliang*, 384 F. Supp.3d 941, 953 (N.D. Ill. 2019) (citations and quotation marks omitted) ([S]tatutory damages must bear some relation to actual damages."); *Yelp Inc. v. Catron*, 70 F. Supp.3d 1082, 1102 (N.D. Cal. 2014) (citations omitted) ("In determining the appropriate amount of statutory damages to award on default judgment, courts in this district have considered whether the amount of damages requested bears a plausible relationship to Plaintiff's actual damages."); *Bly v. Banbury Books, Inc.*, 638 F. Supp. 983, 987 (E.D. Penn. 1986) ("[N]umerous courts have held that assessed statutory damages should bear some relation to the actual damages suffered.").

[24] *Malletier v. Artex Creative Intern. Corp.*, 687 F. Supp.2d 347, 356 (S.D.N.Y. 2010); *Sara Lee Crop v Bags of New York, Inc*, 36 F. Supp.2d 161, 167 (S.D.N.Y. 1999) (Holding that "actual damages, such as profits and losses, are a typical starting point" for determining the "proper amount of statutory damage"); *Municipal Credit Union v. Queens Auto Mall, Inc.*, 126 F. Supp.3d 290, 297 (E.D.N.Y. 2015) ("[T]he amount of actual damages informs, but does not constrain, a statutory damage award.").

[25] *Gucci Am. v. Duty Free Apparel, Ltd.*, 315 F.Supp.2d 511, 520 (S.D.N.Y. 2004), *amended in part on other grounds by* 328 F.Supp.2d 439 (S.D.N.Y. 2004) (citations and quotation marks omitted).

Because a plaintiff's actual damages are the "starting point" for determining the proper amount of statutory damages, any finding about the amount of statutory damages should be made after the finder of fact renders an award of actual damages, not before. So, even if it's assumed that defendants don't have a right to try statutory damages to the jury (they do), this Court should still hold off on setting the amount of statutory damages, if any, that plaintiff is entitled to until after defendants have a right to try the issue of actual damages in front of the jury.

**B.** **If plaintiff chooses to recover statutory damages under § 1117(c), it can't recover any remedies under § 1117(a) and (b)—including actual damages, treble damages, attorney fees, costs, or prejudgment interest—*as a matter of law*.**

In its motion, plaintiff asks this Court to award it attorneys' fees, costs, and prejudgment interest under § 1117(a)-(b), regardless whether (and even if) it elects to recover statutory damages under § 1117(c) rather than actual damages and profits under § 1117(a).[26] But plaintiff's request is inconsistent with the plain language of 15 U.S.C. § 1117(a), (b), and (c).

This Court has a duty to give effect to the plain meaning of 15 U.S.C. § 1117.[27] And, importantly, "the limitations of a text—what a text chooses *not* to do—are as much a part of its 'purpose' as its affirmative dispositions."[28] As a result, "[n]othing is to be added to what the text states or reasonably implies" and "a matter not covered is to be treated as not covered.")[29]

---

[26] ECF 143-1, PageID. 1788.

[27] *Sisay v. Smith*, 310 Fed. Appx. 832, 841 (6th Cir. 2009); *Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) (noting that the Court has "stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there"); *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (explaining that, where a statute's language is plain, the sole function of the courts is to apply the statute's ordinary and plain meaning).

[28] Scalia & Garner, *Reading Law: The Interpretation of Legal Texts*, pp. 57-58 (St. Paul: Thomson/West, 2012)

[29] *Reading Law*, p 93 (formatting altered).

SHRR\5227711.v1

By its plain language, § 1117(b) only applies in "assessing damages under subjection (a)" and doesn't say anything about § 1117(c). Thus, while § 1117(b) authorizes awards of attorney fees, treble damages, and prejudgment interest, it only does so if a plaintiff elects to recover actual damages and profits under § 1117(a)—i.e., it doesn't authorize recovery of those items if the plaintiff elects to recover statutory damages under § 1117(c). In contrast, the plain language of § 1117(c) allows plaintiffs to recover statutory damages "instead of actual damages and profits under subsection (a)." But § 1117(c) doesn't say anything for the recovery of attorney fees.[30]

Under the Lanham Act's statutory scheme, if a plaintiff elects to recover actual damages and profits under § 1117(a), they can potentially recover costs, prejudgment interest, treble damages, and a reasonable attorney's fees under § 1117(a)-(b). But, because § 1117(c) doesn't mention any of those things, a plaintiff who elects to recover under that provision is limited to statutory damages and can't separately recover the other items listed in subsections (a) or (b).

Courts addressing this issue have recognized that the statutory damages provided by § 1117(c) is mutually exclusive of the remedies provided by § 1117(a)-(b): "In order to obtain statutory damages" under 15 U.S.C. § 1117(c) "a plaintiff must elect to receive them in lieu of the profits, damages, costs, and attorney's fees provided for in 15 U.S.C. §§ 1117(a)–(b)."[31] Thus, if a

---

[30] See *K & N Eng'g, Inc. v. Bulat*, 510 F.3d 1079, 1082 (9th Cir. 2007).

[31] *Starbuzz Tobacco, Inc. v. Addison Specialty Servs., Inc.*, No. 13-cv-1539; 2015 WL 11251805 at *3 (S.D. Cal. Jul. 29, 2015) (**Ex. E**); see also *Coach, Inc. v. Chouman's Ass'n, Inc.*, 2012 WL 6705412 at *2 (E.D. Mich. Dec. 26, 2012) (**Ex. F**) ("Plaintiffs seek statutory damages pursuant to 15 U.S.C. § 1117(c), which provides that 'the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, *instead* of actual damages and profits ... an award of statutory damages'" (quotations and citations omitted, emphasis added)).

plaintiff elects to recover statutory damages, they cannot recover costs under § 1117(a)[32] or prejudgment interest under § 1117(b).[33]

Similarly, courts have also recognized that "an election to receive statutory damages, rather than actual damages, precludes an award of attorneys' fees."[34] That's because, while § 1117(a) and (b) both expressly allow for attorney-fee awards, § 1117(c) doesn't say anything about attorney fees. Thus, not awarding attorney fees when a plaintiff elects to recover statutory damages under § 1117(c) is consistent with the well-established principle that "federal courts typically abide by the 'American Rule,' which dictates that each party pay for its own attorneys' fees, except when explicitly provided for by statute."[35]

---

[32] *Yelp, Inc. v. Catron*, 70 F. Supp.3d 1082, 1104 (N.D. Cal. 2014) (holding that plaintiff who elected to recover statutory damages under § 1117(c) couldn't recover costs pursuant to § 1117(a)); *BMW v North America, LLC v. Zahra*, C 15-2924 CRB; 2016 WL 215983 at *5 (N.D. Cal. Jan. 19, 2019) (**Ex. G**) (citations omitted) (Denying plaintiffs' "request for attorneys' fees and costs" because "they have "eschew[ed] actual damages under § 1117(a) and elect[ed] to seek statutory damages under § 1117(c).")

[33] *Luxottica Group, S.p.A. v. Shore Enuff*, Civ. No. 16-5847; 2019 WL 4027547 at *8 (D.N.J. Aug. 27, 2019) (**Ex. H**) ("Plaintiff also requests an award of pre-judgment interest pursuant to *15 U.S.C. § 1117(b),* which is inapplicable here because § 1117(b) applies only to treble damages and pre-judgment interest on an award of actual damages and profits. Because of its election of statutory damages, plaintiff has forfeited its right to an award of prejudgment interest damages under § 1117(b).").

[34] *Yelp Inc. v. Catron*, 70 F. Supp.3d 1082, 1104 (N.D. Cal. 2014) ("Yelp, however, is seeking statutory damages pursuant to § 1117(c), and an election to receive statutory damages, rather than actual damages, precludes an award of attorneys' fees.") *Lifted Research Group, Inc. v. Salem*, No. C-08-4497 SC; 2009 WL 1371416 at *6 (N.D. Cal. May 15, 2009) (**Ex. I**) ("LRG cannot recover under the Lanham Act because the provisions that allow recovery of attorneys' fees only apply if plaintiffs choose to pursue actual damages under 15 U.S.C. § 1117(a)-(b). There is no fee provision if plaintiffs choose, as LRG has chosen here, to pursue statutory damages under 15 U.S.C. § 1117(c)."); *K and N Engineering, Inc. v. Bulat,* 510 F.3d 1079, 1082 (9th Cir.2007) (district court abused its discretion by awarding attorneys' fees where plaintiffs sought statutory damages under § 1117(c)).

[35] *Planned Parenthood Southwest Ohio Region v. Dewin*, 931 F.3d 530, 538 (6th Cir. 2019); *Mencer v. Princeton Square Apartments*, 228 F.3d 631, 636 (6th Cir. 2000) (internal citations and quotation marks omitted) (stating that "the 'American rule' broadly applies in federal courts, whereby absent express statutory language or an enforceable contract, litigants pay their own

9

Here, plaintiff seeks to recover attorneys' fees, costs, and prejudgment interest regardless whether it elects to recover statutory damages under § 1117(c) instead of actual or treble damages under § 1117(a)-(b). This Court should reject that argument as inconsistent with the plain language of § 1117 and hold that plaintiff can elect to recover *either* statutory damages under § 1117(c) *or* "profits, damages, costs, and attorney's fees [and prejudgment interest]" under § 1117(a)-(b).[36]

## C.    Plaintiff can't recover—and this Court can't award—treble statutory damages.

In its motion, plaintiff argues that "[l]ike all other damages available under 15 U.S.C. § 1117, statutory damages can be trebled."[37] But that simply isn't true.

Section 1117(a) allows courts to enter judgment for up to "three times" the "amount found as actual damages" if appropriate under the circumstances. In turn, § 1117(b) mandates that "[i]n assessing damages under subsection (a)" the court shall "enter judgment for three times such profits or damages" for intentional use of a known counterfeit mark. Neither subsection, however, mentions statutory damages or references § 1117(c). Section § 1117(c), in contrast, permits an award of statutory damages "instead of actual damages and profits under subsection (a)" and doesn't say anything about trebling that amount.

Thus, contrary to plaintiff's argument, nothing in the plain language of § 1117(a), (b), or (c) gives this Court the authority to triple an amount of statutory damages. Indeed, courts across the country have recognized statutory damages under § 1117(c) and the treble-damages provisions

---

attorneys' fees."); *Tiedel v. Northwestern Mich. College*, 865 F.2d 88, 93 (6th Cir. 1988) ("The taxation of actual attorneys' fees as costs in federal courts is an extraordinary remedy, allowed normally only where Congress has expressly created an exception to the 'American rule' and authorized them in the substantive statutory right at issue in the litigation.").

[36] *Starbuzz Tobacco, Inc. v. Addison Specialty Servs., Inc.*, No. 13-cv-1539; 2015 WL 11251805 at *3 (S.D. Cal. Jul. 29, 2015)

[37] ECF 143-1, PageID. 1776.

are mutually exclusive.[38] That is, while "the Lanham Act allows for trebling of *actual* damages under Section 1117(b), it does not allow for trebling of *statutory* damages, awarded under Section 1117(c)."[39] So, as a New Jersey federal court held, "because Plaintiff elected statutory damages rather than an award of actual damages and profits, Plaintiff forfeited its right to request treble damages."[40]

Based on the plain language of 15 U.S.C. § 1117 and the case law cited above, this Court should hold that it cannot treble an award of statutory damages as a matter of law.

**D.    Under the plain language of 17 U.S.C. § 412(2), plaintiff can't recover statutory damages or attorney fees for any alleged copyright infringement.**

---

[38] *Chanel, Inc. v. Matos*, 133 F.Supp.3d 678, 687 n. 10 (D.N.J. 2015) (citations omitted and cleaned up) (Noting that "treble damages only applies to an award of profits or actual damages"); *Global Van Lines, Inc. v. Global Moving Exp., Inc.*, No. 06 Civ. 3776; 2007 WL 7769395 at *5 (S.D.N.Y. Aug. 20, 2007)) (**Ex. J**) ("While the Court understands the plaintiff's desire for treble damages to deter and punish the defendant, the Court finds that, in a circumstance such as this, where the plaintiff has elected to receive statutory damages, treble damages are not available."); *Lifted Research Group, Inc. v. Salem*, No. C-08-4497 SC; 2009 WL 1371416 at *5 n. 10 (N.D. Cal. May 15, 2009) (**Ex. I**) (stating that the court would be able to award treble damages "if it were calculating actual damages per 15 U.S.C. § 1117(a)-(b) instead of statutory damages under subsection (c)."); *Sly Magazine, LLC v. Weider Publications LLC*, 241 F.R.D. 527, 531 (S.D.N.Y. 2007) (holding " infringement of a registered trademark exposes the infringing party to treble damages…*or* to substantial statutory damages upon plaintiff's election"); see also *Coach, Inc. v. O'Brien*, No. 10 Civ. 6071; 2012 WL 1255276 at *16 n. 6 (S.D.N.Y. Apr. 13, 2012) (**Ex. 11**) ("Where trademark infringement is deemed willful, the Lanham Act provides for either treble damages under 15 U.S.C. § 1117(b) (where a plaintiff seeks actual damages under 15 U.S.C. § 1117(a)) or an award of up to $2,000,000 per infringed trademark under 15 U.S.C. § 1117(c)(2) (where a plaintiff seeks statutory damages under 15 U.S.C. § 1117(c)). Because Coach seeks statutory damages under 15 U.S.C. § 1117(c), it does not seek and the Court does not award treble damages as it would if Coach sought actual damages under 15 U.S.C. § 1117(a).").

[39] *Sream, Inc. v. Khan Gift Shop, Inc.*, No. 15-cv-02091; 2016 WL 1130610 at *8 (S.D.N.Y. Feb. 23, 2016) (**Ex. L**), report and recommendation adopted 15-CV-2091; 2016 WL 1169517 (S.D.N.Y. Mar. 22, 2016) (**Ex. L**).

[40] *Chanel, Inc. v. Matos*, 133 F.Supp.3d 678, 687 n. 10 (D.N.J. 2015)

In its motion, plaintiff asks this Court to award him $150,000 in statutory damages for defendants' alleged copyright infringement under 17 U.S.C. § 504(c)(2).[41] But that argument fails because plaintiff isn't entitled to statutory damages under § 504 as a matter of law.

17 U.S.C. § 412 provides that "no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for…any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after first publication of the work."[42] In other words, although § 504(c)(2) gives this Court authority to award statutory damages for willful copyright violations, § 412 "limits the scope" of that authority by providing that a copyright plaintiff "cannot recover statutory damages or attorney's fees under the Copyright Act if [the defendant's] infringement 'commenced' before the copyright was registered."[43] The limitations imposed by § 412 aren't optional. The Sixth Circuit has held that § 412 "leaves no room for discretion, mandating that no attorney's fees or statutory damages be awarded so long as the infringement commenced before registration of the copyright."[44]

An "infringement 'commences' for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs."[45] The Sixth Circuit has recognized that the

---

[41] ECF 143-1, PageID. 1785.

[42] See also *Masck v. Sports Illustrated,* No. 13–10226, 2013 WL 2626853, at *5 (E.D. Mich. June 11, 2013) (**Ex. M**) (citations omitted) (Section 412 of the Copyright Act "states that there will be no award for statutory damages or attorney's fees if, 'any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.' ").

[43] *Johnson v. Jones*, 149 F.3d 494, 504-505 (6th Cir. 1998)

[44] *Johnson*, 149 F.3d at 505.

[45] *Johnson*, 149 F.3d at 505; see e.g., *Seeburg Corp. v. AMR Pub., a Div. of Victory Glass Co.*, 80 F.Supp.2d 723 (W.D. Mich. 1999) ("The Sixth Circuit has determined that infringement 'commences' for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs."); *Virtual Studios, Inc. v. Hagaman Industries, Inc.*, 984 F.Supp.2d 830, 839

purpose of  § 412 "would be thwarted by holding that infringement is 'commenced' for the purposes of § 412 each time an infringer commits another in an ongoing series of infringing acts."[46] Further, to invoke § 412(2) "there must have been a 'publication' of the copyrighted works."[47]

Michigan's federal courts have consistently applied these rules to hold that a copyright plaintiff can't recover statutory damages if the alleged infringement began after publication but before registration. For example, in *Seeburg*, this Court held that § 412(2) "preclude[d] the Plaintiff's recovery of statutory damages because the alleged infringement 'commenced' after the first publication of the operating manuals and before the effective date of the registration, where the registration was *not* within three months of the first publication of the work."[48] Similarly, in *Dorchen/Martin Associates, Inc.*, the Eastern District of Michigan addressed a situation where the plaintiff published its work in 2004 but didn't register it for almost five years.[49] But, because the defendant's infringement commenced "before the copyright's effective date of registration—

---

(E.D. Tenn. 2013) ("Unlike the statute of limitations for infringement, which accrues anew with each distinct act of infringement regardless of whether it is continuing, "commencement" in the continuing infringement context is the first act of infringement for the purposes of statutory damages and attorney's fees."); *Ez–Tixz, Inc. v. Hit–Tix, Inc.,* 919 F.Supp. 728, 736 (S.D.N.Y.1996) ("The alleged acts of infringement that occurred after the copyright was registered do not constitute new acts of infringement but a continuation of the infringement that 'commenced' prior to registration."); *Parfums Givenchy, Inc. v. C & C Beauty Sales, Inc.,* 832 F.Supp. 1378, 1393 (C.D.Cal.1993) (holding that "the first act of infringement in a series of ongoing separate infringements 'commence[s]' one continuing 'infringement' ")

[46] *Johnson*, 149 F.3d at 505-506.

[47] *Niemi v. American Axle Mfg. & Holding, Inc.*, No. 05-74210; 2008 WL 905558 at *13 (E.D. Mich. Mar. 31, 2008) (**Ex. N**).

[48] *Seeburg Corp. v. AMR Pub., a Div. of Victory Glass Co.*, 80 F.Supp.2d 723, 726 n. 19 (W.D. Mich. 1999)

[49] *Dorchen/Martin Associates, Inc. v. Brook of Cheboygan, Inc.*, No. 11-10561; 2013 WL 140790 at *2-*3 (E.D. Mich. Jan. 11, 2013) (**Ex. O**)

October 9, 2009," the district court held that § 412(2) barred recovery of statutory damages under 17 U.S.C. § 504—i.e., "the collection of statutory damages and attorney's fees is foreclosed."[50]

Here, plaintiff published the copyrighted work in question—its website—before 2014.[51] But it didn't register the copyright for the website until December 2018.[52] And plaintiff doesn't dispute that the alleged infringement of plaintiff's copyrighted website began after 2014 but long before December 2018.[53] As a result, plaintiff's claim for statutory damages under 17 U.S.C. § 504 (and attorney fees under 17 U.S.C. § 505) is clearly barred by the plain language of § 412(2). It follows that this Court should deny plaintiff's request for an award of statutory damages and attorney fees under the Copyright Act.

**E.   Plaintiff's request for a statutory-damages award impermissibly relies on inadmissible "bad acts" evidence by defendant.**

 Plaintiff bases its request for the maximum award of statutory damages on defendants' conduct in prior litigation.[54] The alleged misconduct that plaintiff relies on was the subject of its

---

[50] *Id.* at *2-*4.

[51] See ECF 54-4, PageID. 728 (Plaintiff's "website was created and published before execution of the SPA, and long before any arrangement whatsoever between S&S and Nartron."); ECF 54-21, PageID. 818 (Email dated May 4, 2014 that identifies S&S's website as www.reusablecanninglids.com); ECF 54-25, PageID. 828-829 (Email dated May 15, 2014 that identifies S&S's website as www.reusablecanninglids.com); ECF 32, PageID. 550 (stating that plaintiff's "website was published before 2013—before execution of the Agreement and before any arrangement whatsoever was contemplated between Stieg and Rautiola")

[52] ECF 54-9, PageID. 776; see also ECF 32, PageID. 550.

[53] ECF 54-4, PageID. 729; ECF 32, PageID. 550 ("[A]fter signing the Agreement, Rautiola worked quickly to form a company, Tattler Home Products, to compete with S&S" and "[i]n the process of creating this competing company, Defendants published the website www.tattlerhomeproducts.com").

[54] ECF 143-1, PageID. 1780-1784.

14

Motion in Limine to Admit Rule 404(b) Evidence Related to Defendants' Prior Bad Acts.[55] This Court, however, denied that motion and refused to admit the alleged prior-bad-acts evidence.[56]

The law-of-the-case doctrine "provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."[57] Thus, under the law-of-the-case doctrine, this Court's ruling that evidence of defendants so-called "prior bad acts" isn't admissible remains binding and "should be given effect in successive stages of the same litigation."[58]

It follows that this Court should disregard plaintiff's request for a maximum award of statutory damages under § 1117(c) because it's based on evidence that this Court has already deemed inadmissible.

## F.      Plaintiff's motion should be denied as untimely.

Plaintiff filed its current motion for partial summary on April 23, 2021.[59] This Court's Initial Case Management Order imposed a September 30, 2020 deadline for dispositive motions and stated that "[d]ispositive motions shall be filed…by the date set forth in the table above."[60] This Court's subsequent case management orders didn't extent the dispositive motion deadline or

---

[55] See ECF 162, PageID. 2193-2197.

[56] ECF 189, PageID. 2534.

[57] *Westside Mother v Olszewski*, 454 F3d 532, 538 (6th Cir 2006) (quotation marks and citation omitted); *Hayden v Rhode Island*, 13 Fed Appx 301, 302 (6th Cir 2001) ("Under the law of the case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation."); *Keahey v Marquis*, 978 F3d 474, 481 (6th Cir 2020) ("As a general principle, the law-of-the-case doctrine precludes reconsideration of issues that were expressly or impliedly decided at an earlier stage of the same case by the same or a superior court.").

[58] *US v Todd*, 920 F2d 399, 403 (6th Cir 1990).

[59] ECF 143, PageID. 1766.

[60] ECF 28, PageID. 449-450.

set a new one.[61] This Court has previously enforced the dispositive motion deadline. In a recent order, this Court denied defendant's motion for summary judgment as "untimely" because it was filed "about seven months after the early dispositive motion deadline."[62]

Plaintiff's current motion (ECF 143) was filed the same day as defendant's summary judgment motion (ECF 142). If defendant's motion was "untimely," so is plaintiff's current motion. For that reason, this Court should deny plaintiff's motion in its entirety.

### Conclusion

Respectfully, (1) defendants are entitled to a jury trial on all issues related to statutory and other damages; (2) setting an amount of statutory damages is premature; (3) plaintiff can't recover the non-actual damages remedies provided by 15 U.S.C. § 1117(a)-(b) if it elects to recover statutory damages under 15 U.S.C. § 1117(c); (4) plaintiff can't multiply its statutory damages by three under any provision of 15 U.S.C. § 1117; (5) plaintiff can't recover statutory damages for any alleged copyright violations as a matter of law; (6) plaintiff's reliance on prior bad acts evidence that this Court has already ruled inadmissible is improper; and (7) plaintiff's motion was untimely.  Plaintiff's motion (ECF 143) should be denied in its entirety.


Dated: May 28, 2021                                    **By:** */s/ Kenneth B. Morgan*
                                                       Kenneth B. Morgan (P34492)
                                                       550 W. Merrill Street, Ste. 100
                                                       Birmingham, MI 48009
                                                       (248) 594-6341
                                                       Morgan.kb@kbmpc.com

---

[61] See ECF66 PageID. 907-912; see also ECF 73, PageID. 923-928.

[62] ECF 146, PageID. 2011-2012.

SHRR\5227711.v1